UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DE'VONN WEBB<br><br>Petitioner,<br><br>v.<br><br>WARREN MONTGOMERY,<br><br>Respondent. | Case No. 20-CV-735 JLS (BGS)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PETITION** |

Petitioner Richard De'Vonn Webb, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Pet.," ECF No. 1). For the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** the Petition.

## ANALYSIS

### I. Failure to Satisfy Filing Fee Requirement

A Petition for Writ of Habeas Corpus must either be accompanied by a $5.00 filing fee or an application to proceed *in forma pauperis*. *See* S.D. Cal. CivLR 3(a); 28 U.S.C. foll. § 2254. Petitioner has not paid the $5.00 filing fee and has not filed a motion to proceed *in forma pauperis*. If Petitioner wishes to proceed, he must either pay the $5.00 fee or submit adequate proof he cannot pay the fee.

///

///

## II. Failure to State a Cognizable Claim on Federal Habeas

The Petition also must be dismissed because this Court lacks subject-matter jurisdiction. Petitioner raises only one claim in the Petition—that the trial court improperly imposed a restitution fine without sufficient evidence of his ability to pay. *See* Pet. at 3. Title 28 U.S.C. § 2254(a) provides that:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).

The requirement that a habeas petitioner be "in custody in violation of [federal law]" is "jurisdictional." *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010); *see also Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (noting that 28 U.S.C. § 2241(c)(3)'s requirement that a habeas petitioner be "in custody in violation of the Constitution or laws or treaties of the United States" is jurisdictional). "The plain meaning of the text of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction." *See Bailey*, 599 F.3d at 980. Rather, "[it] explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." *See id.* (emphasis added) (citing *Dickerson v. United States*, 530 U.S. 428, 439 n. 3 (2000)). If the remedy sought is merely "the elimination or alteration" of a petitioner's restitutionary obligation, then there is no such nexus between the habeas claim and the petitioner's purportedly unlawful custody. *See id.* at 981; *see also Washington v. Smith*, 564 F.3d 1350, 1350–51 (7th Cir. 2009) (holding that a petitioner did not satisfy the "in custody" requirement because, even if he prevailed on his ineffective assistance claim, "the only possible benefit [would] be a lower payment to his victim"), *quoted with approval in Bailey*, 599 F.3d at 981–82. In such a case, the action must be dismissed for lack of subject-matter jurisdiction. *See Bailey*, 599 F.3d at 984.

///

Here, Petitioner's only claim challenges the restitution order.  Even if Petitioner were to prevail on this claim, he would not obtain early release from custody; instead, he would be entitled only to "the elimination or alteration of a money judgment." *See id*. at 981.  Consequently, the "nexus" between these claims and illegal custody is lacking.  *See id*.  Because Petitioner's claim does not affect the legality of his confinement, this Court lacks subject-matter jurisdiction over the action.  *See Bailey*, 599 F.3d at 984.

## CONCLUSION

For the reasons discussed above, the Court **DISMISSES WITHOUT PREJUDICE** the Petition for failure to satisfy the filing fee requirement and for lack of subject-matter jurisdiction.  Should Plaintiff wish to reopen this action, he **MUST SUBMIT** <u>on or before June 24, 2020</u>, (1) an amended petition remedying the jurisdictional defects identified above, and (2) either (a) a copy of this Order along with the requisite $5.00 filing fee, or (b) a motion to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Dated:  April 22, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge